Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Karena K. Ioannou
kioannou@ipcounslors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC.,<br><br>*Plaintiff*<br><br>v.<br><br>AUUISA STORE, INC. d/b/a WWW.DREAMBARBIEDOLL.COM d/b/a WWW.DREAMBARBIEDOLLS.COM d/b/a WWW.JINXXMAS.COM d/b/a WWW.MATTELBLACKFRIDAY.COM; SHENZHEN ALLISON TECHNOLOGY CO., LTD. d/b/a WWW.DREAMBARBIEDOLLS.COM d/b/a WWW.JINXXMAS.COM d/b/a WWW.MATTELBLACKFRIDAY.COM; SHENZHEN YANGDUAN TRADING CO., LTD. d/b/a WWW.DREAMBARBIEDOLL.COM d/b/a WWW.JINXXMAS.COM; WWW.DREAMBARBIEDOLL.COM; WWW.DREAMBARBIEDOLLS.COM; WWW.JINXXMAS.COM and WWW.MATTELBLACKFRIDAY.COM,<br><br>*Defendants* | 22-cv-561 (PKC)<br><br>[~~PROPOSED~~]<br>**PRELIMINARY INJUNCTION ORDER** |

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Mattel** | Mattel, Inc. |
| **Defendants** | Auuisa Store, Inc. d/b/a www.dreambarbiedoll.com d/b/a www.dreambarbiedolls.com d/b/a www.jinxxmas.com d/b/a www.mattelblackfriday.com; Shenzhen Allison Technology Co., Ltd. d/b/a www.dreambarbiedolls.com d/b/a www.jinxxmas.com d/b/a www.mattelblackfriday.com; Shenzhen Yangduan Trading Co., Ltd. d/b/a www.dreambarbiedoll.com d/b/a www.jinxxmas.com; www.dreambarbiedoll.com; www.dreambarbiedolls.com; www.jinxxmas.com and www.mattelblackfriday.com |
| **Mattel** | A leading designer, developer, marketer, manufacturer and distributor of its well-known Mattel Products (defined *infra*), including children's toys and games offered under some of America's most iconic and influential sub-brands, such as Fisher Price, Barbie, UNO, Thomas & Friends, Hot Wheels and American Girl |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies regardless of geographic location, which operate a cloud-based web infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network |
| **NameSilo** | NameSilo, LLC, with an address of 8825 N. 23rd Ave Suite 100 Phoenix, Arizona 85021, and any and all affiliated companies, which operate an ICANN accredited domain name registrar and web hosting company, available at www.namesilo.com, that allows consumers to register domain names and create websites |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's instant Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Websites (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Moore Dec.** | Declaration of Michael Moore in Support of Plaintiff's Application |
| **Ioannou Dec.** | Declaration of Karena K. Ioannou in Support of Plaintiff's Application |

1

| **Mattel Products** | Plaintiff's children's toys, games, playthings, and other products, and/or its iconic sub-brands, including, but not limited to: Barbie, UNO, LOL, KidKraft, Thomas & Friends, Hot Wheels, Power Wheels, American Girl and Fisher-Price |
|---|---|
| **Barbie** | An iconic and world-renowned fashion doll |
| **Barbie Products** | A vast range of commercial products including dolls, playhouses, toy cars, books, movies, games, puzzles and clothing sold under the Barbie brand |
| **Mattel Marks** | U.S. Trademark Registration Nos.: 3,165,874 for "MATTEL" for "retail store services for a full line of toys and children's products" in Class 35; 4,106,374 for "MATTEL" for "computerized online ordering services in the field of toys, games and playthings, electronic commerce services, namely, providing information about products via telecommunication networks for advertising and sales purposes." in Class 35; and 898,209 for [MATTEL logo] for "toys" in Class 28. |
| **Barbie Marks** | U.S. Trademark Registration Nos.: 689,055 for "BARBIE" for a variety of goods in Class 28; 2,678,386 for "BARBIE" for a variety of goods in Classes 3, 6, 8, 9, 11, 12, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28 and 30; 2,087,842 for "[Barbie logo]" for a variety of goods in Class 28; 2,639,971 for "[Barbie logo]" for a variety of goods in Class 25 and 28; 774,892 for "SKIPPER" for a variety of goods in Class 28; 2,931,614 for "CHELSEA" for a variety of goods in Class 28; 3,083,593 for "BARBIE COLLECTOR" for a variety of goods in Classes 28 and 41; 3,189,837 for "PINK LABEL" for a variety of goods in Class 28; 3,702,525 for "FASHIONISTAS" for goods in Class 28; 5,214,711 for "YOU CAN BE ANYTHING" for a variety of goods in Class 28; 5,233,292 for "BARBIE DREAMTOPIA" for a variety of goods in Class 28; 5,449,612 for "BABYSITTERS INC." for a variety of goods in Class 28; and 6,097,805 for "COLOR REVEAL" for a variety of goods in Class 28; |
| **Barbie Works** | U.S. Copyright Reg. Nos.: VA 2-038-351, covering the 2017 Barbie Packaging Branding for Consumer Products; VA 2-135-686, covering the 2016 Catalog Fall Mattel; and VA 945-179 covering CEO BARBIE |
| **Plaintiff's Website** | Barbie's fully interactive website, located at http://www.barbie.mattel.com and Mattel's fully interactive website, located at http://www.mattel.com |
| **Counterfeit Products** | Defendants' products advertised, offered for sale and/or sold |

2

| | |
|---|---|
| | by Defendants via Defendants' Websites (as defined *infra*), which use the Barbie Marks, Mattel Marks and/or Barbie Works and/or products in packaging and/or containing labels bearing the Barbie Marks, Mattel Marks and/or Barbie Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Barbie Marks, Mattel Marks and/or Barbie Works and/or products that are identical or confusingly or substantially similar to the Barbie Products |
| **Defendants' Websites** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that use the Barbie Marks and Mattel Marks, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at www.mattelblackfriday.com; www.dreambarbiedoll.com; www.dreambarbiedolls.com and www.jinxxmas.com along with any and all of the domain names associated therewith, including the Infringing Domain Names |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **Infringing Domain Names** | www.mattelblackfriday.com, www.dreambarbiedoll.com and www.dreambarbiedolls.com |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any of Defendants' Websites (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Counterfeit Products and/or Defendants' Websites, including, without limitation, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, website hosts such as Cloudflare, domain name registrars, such as NameSilo, domain name registries, shipping, fulfillment and warehousing service providers, such as Return Warehouse located at 147-03 182 St, Jamaica New York 11413 |

WHERAS, Plaintiff having moved *ex parte* on January 21, 2022 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Websites and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful counterfeiting and infringement of the Barbie Marks, Mattel Marks and Barbie Works;

WHEREAS, the Court entered an Order granting Plaintiff's Application on January 25, 2022 ("TRO") which ordered Defendants to appear on February 15, 2022 at 5:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on February 3, 2022, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application on all of Defendants' email addresses except for the following email addresses: silentyinging@outlook.com and auuisa@outlook.com;

WHEREAS, on February 10, 2022, the Court emailed Plaintiff's counsel changing the time of the Show Cause Hearing to 3:00 p.m. ("February 10, 2022 Email Update");

WHEREAS, on February 10, 2022, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the February 10, 2022 Email Update on all of Defendants' email addresses except for the following email addresses: silentyinging@outlook.com and auuisa@outlook.com;

WHEREAS, on February 15, 2022 at 3:00 p.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Barbie Marks, Mattel Marks and/or Barbie Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Barbie Marks, Mattel Marks and/or Barbie Works;

      ii. directly or indirectly infringing in any manner Plaintiff's Barbie Marks, Mattel Marks and/or Barbie Works;

      iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Barbie Marks, Mattel Marks and Barbie Works to identify any goods or services not authorized by Plaintiff;

      iv. using Plaintiff's Barbie Marks, Mattel Marks and Barbie Works and/or any other marks that are confusingly similar to the Barbie Marks and/or Mattel Marks and/or any other artwork that is substantially similar to the Barbie Works, on or in connection with Defendants' Websites and/or Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, offering for sale, sale and/or otherwise dealing in Counterfeit

Products;

v. using any false designation of origin or false description, or engaging in any action that is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants, website owned or operated by Defendants, services provided by Defendants and/or Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their Defendants' Websites, Defendants' Assets and/or the manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Order;

viii. linking, transferring, selling and/or operating Defendants' Websites;

    ix. registering, trafficking in or using any domain names that incorporate any of Plaintiff's Barbie Marks, Mattel Marks and Barbie Works, or any colorable imitation thereof, including the Infringing Domain Names; and

    x. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) through I(c)(ii) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

    ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

    iii. knowingly instructing any person or business entity to engage in any activities referred to in subparagraphs 1(a)(i) through 1(a)(ix), 1(b)(i) through 1(b)(ii) above and I(c)(i) through I(c)(ii) below.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. providing services to Defendants, including, without limitation, those relating to the continued operation of Defendants' Websites;

   ii. permitting the transfer, sale and/or assignment of Defendants' Websites, including the Infringing Domain Names; and

   iii. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(xi), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' Websites, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days

of service to Plaintiff's counsel.

b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

  i. account numbers;

  ii. current account balances;

  iii. any and all identifying information for Defendants and/or Defendants' Websites including but not limited to, names, addresses and contact information;

  iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

  v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, documents sufficient to identify

    the geographic location(s) of any consumers from which deposits were sent, deposit slips, withdrawal slips, cancelled checks and account statements; and

  vi. any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the geographic location(s) of the transferor(s), the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days after receiving notice of this Order, the Third Party Service Providers shall prove to Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' Websites, including, but not limited to, documents and records relating to:

 i. account details, including, without limitation, identifying information and URLs for any and all accounts or websites that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C) of the TRO.

 ii. the identities, location and contact information, including any and all e-mail addresses, of Defendants that were not previously provided pursuant to Paragraph V(C) of the TRO;

 iii. the nature of Defendants' businesses and operations, methods of accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' Websites, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts with any and all Financial Institutions

associated with Defendants' Websites; and

  iv. Defendants' manufacturing, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products, or any other products bearing the Barbie Marks, Mattel Marks and/or Barbie Works and/or marks and/or artwork that are confusingly similar to, identical to and constitute an infringement of the Barbie Marks, Mattel Marks and/or Barbie Works.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

 a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses, ausiaa@oulook.comis, auuisa@outlook.com, ip@whosebilling.com, silentyinging@outlook.com, priority13@hotmail.com and mulody8@gmail.com.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Cloudflare will be able to download a PDF copy of this Order via electronic mail to abuse@cloudflare.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where NameSilo will be able to download a PDF copy of this Order via electronic mail to support@namesilo.com; and

d) delivery of a copy of this Order via Federal Express to Return Warehouse, 147-03 182 St, Jamaica New York 11413.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 15th day of February, 2022, at 3:52pm.
New York, New York

*[signature]*

HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE