UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MATTEL, INC.,

                Plaintiff,                22-cv-561 (PKC)

    -against-                    ORDER

AUUISA STORE, INC. d/b/a
www.dreambarbiedoll.com d/b/a
dreambarbiedolls.com d/b/a www.jinxxmas.com
d/b/a mattelblackfriday.com, et al.,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Mattel, Inc. moves to strike defendants' answer and enter default judgment against all defendants. (ECF 49.) The motion will be granted.

        This action was commenced on January 1, 2022 when plaintiff filed a sealed complaint that brought Lanham Act and Copyright Act claims asserting counterfeiting and infringement on the part of defendants. (ECF 1.) The Court issued a preliminary injunction order on February 16, 2022, after a hearing at which no defendant appeared. (ECF 5.)

        Plaintiff first moved for the entry of default judgment on March 8, 2022. (ECF 28.) However, on March 25, 2022, an attorney filed a notice of appearance on behalf of all defendants. (ECF 32, 35.) Defendants filed an Answer on April 15, 2022. (ECF 37.) The Court held an Initial Pretrial Conference on June 1, 2022 and issued a Case Management Plan and Scheduling Order. (ECF 44.) On June 2, 2022, the Court entered an Order that denied the motion for entry of default judgment, noting that defendants had appeared and were actively defending the case. (ECF 45.)

On July 22, 2022, defendants' attorney moved to withdraw. (ECF 46.) The Court granted the motion on August 17, 2022 and scheduled a hearing for September 12, 2022. (ECF 47.) In its Order granting the motion to withdraw, the Court stated in capitalized, boldface text:

> **DEFENDANTS ARE ADVISED THAT, BECAUSE THEY ARE NOT NATURAL PERSONS, THEY ARE NOT PERMITTED TO APPEAR IN THIS COURT, EXCEPT THROUGH AN ATTORNEY WHO IS ADMITTED TO PRACTICE IN THIS COURT. DEFENDANTS SHALL CAUSE A NOTICE OF APPEARANCE TO BE FILED BY AN ATTORNEY ADMITTED TO PRACTICE IN THIS COURT ON OR BEFORE SEPTEMBER 9, 2022 AND SAID ATTORNEY SHALL APPEAR AT THE SEPTEMBER 12, 2022, 2:15 P.M. HEARING. FAILURE TO COMPLY WILL RESULT IN STRIKING THE NON-APPEARING DEFENDANT'S ANSWER AND THE ENTRY OF A DEFAULT JUDGMENT AGAINST IT.**

(ECF 47.) The conference took place on September 12 and no appearance was made on behalf of the defendants. (See 9/12/22 Minute Entry.) The Court granted plaintiff leave to move for the entry of default judgment within 30 days. (Id.)

Plaintiff filed this motion on September 28, 2022. (ECF 49.) Defendants have not responded or appeared.

Rule 55(a), Fed. R. Civ. P., provides that default may be entered where a party has failed to plead or "otherwise defend." "[A] corporation may not appear in a lawsuit against it except through an attorney, and . . . where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it . . . ." Grace v. Bank Leumi Tr. Co. of NY, 443 F.3d 180, 192 (2d Cir. 2006). When a defendant has "willfully disregarded the district court's order that the defendant appear through counsel, the court was justified in imposing default. Such cavalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as

provided by these rules.'" City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 130 (2d Cir. 2011).

Defendants, all of which are corporate entities, were advised that they must appear through retained counsel and that if they failed to do so, default judgment would be entered against them and the Answer would be stricken. (ECF 47.) Defendants also were aware that they risked the entry of default judgment based on plaintiff's earlier default motion, which was filed before defendants retained an attorney to appear on their behalf. (ECF 28, 45.) Defendants had explicit notice of the consequence of failing to appear through an attorney and have now been in default for several months. Accordingly, defendants are in default and the Answer will be stricken.

"[A] default is an admission of all well-pleaded allegations against the defaulting party." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006) (quotation marks omitted). The five-count complaint asserts counterfeiting, trademark infringement, false designation of origin and cybersquatting under the Lanham Act, as well as a claim of infringement under the Copyright Act. (Compl't ¶¶ 57-100.) The Complaint alleges facts supporting the claim that defendants willfully counterfeited and infringed the trademarks and copyrights of plaintiff's well-known Barbie products and intentionally sold them online in the United States as if they were plaintiff's authentic products, leading to consumer confusion. (Compl't ¶¶ 37-55 & Ex. D.) As to the cybersquatting claim, the Complaint plausibly alleges that defendants' domain names of www.mattelblackfriday.com, www.dreambarbiedoll.com and www.dreambarbiedolls.com are confusingly similar to plaintiff's marks. (Compl't ¶¶ 95-97 & Glossary.) Because the Complaint plausibly alleges liability and the defendants' default is an admission to those allegations, plaintiff's motion will be granted as to liability.

Plaintiff seeks an award of statutory damages under the Lanham Act. See 15 U.S.C. § 1117(c). Plaintiff does not seek an inquest or hearing as to its damages application, and describes an inquest as "unnecessary." (Futterman Dec. at 8.)

Statutory damages are available for not less than $1,000 or more than $200,000 per counterfeit mark per type of good sold unless the defendant's conduct is willful, in which case the maximum available award is $2,000,000. 15 U.S.C. § 1117(c). Defendants used a total of eight infringing or counterfeit marks, each in connection with a different product or service. (Moore Dec. ¶¶ 35-36 & Futterman Dec. ¶ 37 & Ex. E.) Plaintiff seeks statutory damages of $250,000 for each of the eight marks, for a total of $2,000,000, to be awarded jointly and severally. (Pl. Mem. at 16.)

Within the statutory range, "the amount of damages awarded for willful counterfeiting are determined by what the 'court considers just.'" KAWS v. Individuals et al., 2023 WL 1438637, at *5 (S.D.N.Y. Feb. 1, 2023) (Hellerstein, J.) (quoting 15 U.S.C. § 1117(c)). Courts frequently award statutory damages of $100,000 or more per willfully counterfeited mark. See, e.g., Roku, Inc. v. Individuals et al., 2023 WL 137747, at *3 (S.D.N.Y. Jan. 9, 2023) (collecting cases). However, "$50,000 to $75,000 is a far more common award for infringing products such as toys." Mattel, Inc. v. www.power-wheels-outlet.com, 2022 WL 2900763, at *4 (S.D.N.Y. July 22, 2022) (Gorenstein, M.J.), R&R adopted, 2022 WL 3159317 (S.D.N.Y. Aug. 8, 2022) (Engelmayer, J.).

In awarding statutory damages, relevant factors include defendants' profits, plaintiff's lost revenues, the value of the marks, deterrence of defendants and others, defendants' willfulness and defendants' cooperation. See, e.g., Spin Master Ltd. v. 158, 463 F. Supp. 3d 348, 371 (S.D.N.Y. 2020) (Liman, J.). Here, because defendants did not produce discovery, their lack

of cooperation prevented plaintiff from obtaining evidence going to defendants' profits and plaintiff's lost revenue. Plaintiff's Barbie-related and Mattel marks are valuable and widely recognized, and the future deterrence of defendants and other potential infringers is an important goal. The Complaint plausibly explains why defendants' infringing conduct was willful. All of these factors weigh in favor of plaintiff's application.

In Mattel, Magistrate Judge Gorenstein recommended statutory damages of $125,000 per infringed mark, which, in that case, amounted to a total award of $500,000 across four marks. 2022 WL 2900763, at *5. Mattel sought $300,000 in damages for each infringing use of its "Power Wheels" marks. Id. at *1, 4. Magistrate Judge Gorenstein concluded that substantial damages were warranted in light of defendants willfulness, their default, and the need to deter others, as well as Mattel's strong overall brand reputation. Id. at *3-5. He observed that damages are generally available in higher amounts where a plaintiff can point to the volume of defendants' sales and/or have demonstrated the value of their infringed marks. Id. at *4-5. He also noted the need to avoid an unfair windfall to Mattel when little was known about the scale of defendants' activities in comparison to the overall market. Id. a *4.

The reasoning of Magistrate Judge Gorenstein's Mattel decision is persuasive. Mattel is entitled to significant statutory damages, but it has not made a showing as to the scale of defendants' counterfeiting activities or the value of its well-known Barbie marks. Mattel also has urged that an inquest should not be held on its damages application. The Court will award statutory damages of $125,000 per mark, which, in this case, amounts to total damages of $1 million.

Mattel is also entitled to the entry of a permanent injunction under the Lanham Act to prevent further violations of its marks. 15 U.S.C. § 1116. It also is entitled to the transfer

of infringing domain names pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(C). Mattel's injunctive relief is separately set forth in the accompanying Judgment.

The motion for entry of default judgment is GRANTED. (ECF 49.) The Clerk is respectfully directed to terminate the motion.

SO ORDERED.

_P. Kevin Castel_
P. Kevin Castel
United States District Judge

Dated: New York, New York
      May 24, 2023