Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Mattel, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTEL, INC., <br><br> *Plaintiff* <br><br> v. <br><br> AUUISA STORE, INC. d/b/a WWW.DREAMBARBIEDOLL.COM d/b/a WWW.DREAMBARBIEDOLLS.COM d/b/a WWW.JINXXMAS.COM d/b/a WWW.MATTELBLACKFRIDAY.COM; SHENZHEN ALLISON TECHNOLOGY CO., LTD. d/b/a WWW.DREAMBARBIEDOLLS.COM d/b/a WWW.JINXXMAS.COM d/b/a WWW.MATTELBLACKFRIDAY.COM; SHENZHEN YANGDUAN TRADING CO., LTD. d/b/a WWW.DREAMBARBIEDOLL.COM d/b/a WWW.JINXXMAS.COM; WWW.DREAMBARBIEDOLL.COM; WWW.DREAMBARBIEDOLLS.COM; WWW.JINXXMAS.COM and WWW.MATTELBLACKFRIDAY.COM, <br><br> *Defendants* | CIVIL ACTION No. <br> 22-cv-561 (PKC) <br><br> **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

**GLOSSARY**

| **Term** | **Definition** | **Docket Entry Number** |
|---|---|---|
| **Plaintiff or Mattel** | Mattel, Inc. | N/A |
| **Defendants** | Auuisa Store, Inc. d/b/a www.dreambarbiedoll.com d/b/a www.dreambarbiedolls.com d/b/a www.jinxxmas.com d/b/a www.mattelblackfriday.com; Shenzhen Allison Technology Co., Ltd. d/b/a www.dreambarbiedolls.com d/b/a www.jinxxmas.com d/b/a www.mattelblackfriday.com; Shenzhen Yangduan Trading Co., Ltd. d/b/a www.dreambarbiedoll.com d/b/a www.jinxxmas.com; www.dreambarbiedoll.com; www.dreambarbiedolls.com; www.jinxxmas.com and www.mattelblackfriday.com | N/A |
| **Sealing Order** | Order to Seal File entered on January 11, 2022 | 1 |
| **Complaint** | Plaintiff's Complaint filed on January 21, 2022 | 6 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Website (as defined *infra*) and Defendants; Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery | 18-21 |
| **Moore Dec.** | Declaration of Michael Moore in Support of Plaintiff's Application | 21 |
| **Ioannou Dec.** | Declaration of Karena K. Ioannou in Support of Plaintiff's Application | 20 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Defendants' Website and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on January 25, 2022 | 22 |
| **PI Show Cause Hearing** | February 15, 2022 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | February 15, 2022 Preliminary Injunction Order | 5 |
| **Mattel Products** | Plaintiff's children's toys, games, playthings, and other products, and/or its iconic sub-brands, including, but not limited to: Barbie, UNO, Thomas | N/A |

| | | |
|---|---|---|
| | & Friends, Hot Wheels, Power Wheels, American Girl and Fisher-Price | |
| **Barbie** | An iconic and world-renowned fashion doll | N/A |
| **Barbie Products** | A vast range of commercial products including dolls, playhouses, toy cars, books, movies, games, puzzles and clothing sold under the Barbie brand | N/A |
| **Mattel Marks** | U.S. Trademark Registration Nos.: 3,165,874 for "MATTEL" for "retail store services for a full line of toys and children's products" in Class 35; 4,106,374 for "MATTEL" for "computerized online ordering services in the field of toys, games and playthings, electronic commerce services, namely, providing information about products via telecommunication networks for advertising and sales purposes." in Class 35; and 898,209 for ![MATTEL] for "toys" in Class 28. | N/A |
| **Barbie Marks** | U.S. Trademark Registration Nos.: 689,055 for "BARBIE" for a variety of goods in Class 28; 2,678,386 for "BARBIE" for a variety of goods in Classes 3, 6, 8, 9, 11, 12, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28 and 30; 2,087,842 for "![Barbie]" for a variety of goods in Class 28; 2,639,971 for "![Barbie]" for a variety of goods in Class 25 and 28; 774,892 for "SKIPPER" for a variety of goods in Class 28; 2,931,614 for "CHELSEA" for a variety of goods in Class 28; 3,083,593 for "BARBIE COLLECTOR" for a variety of goods in Classes 28 and 41; 3,189,837 for "PINK LABEL" for a variety of goods in Class 28; 3,702,525 for "FASHIONISTAS" for goods in Class 28; 5,214,711 for "YOU CAN BE ANYTHING" for a variety of goods in Class 28; 5,233,292 for "BARBIE DREAMTOPIA" for a variety of goods in Class 28; 5,449,612 for "BABYSITTERS INC." for a variety of goods in Class 28; and 6,097,805 for "COLOR REVEAL" for a variety of goods in Class 28 | N/A |
| **Barbie Works** | U.S. Copyright Reg. Nos.: VA 2-038-351, covering the 2017 Barbie Packaging Branding for Consumer Products; VA 2-135-686, covering the 2016 Catalog | N/A |

|  |  |  |
|---|---|---|
|  | Fall Mattel; and VA 945-179 covering CEO BARBIE |  |
| **Plaintiff's Website** | Barbie's fully interactive website, located at http://www.barbie.mattel.com and Mattel's fully interactive website, located at http://www.mattel.com | N/A |
| **Counterfeit Products** | Defendants' products advertised, offered for sale and/or sold by Defendants via Defendants' Websites (as defined *infra*), which use the Barbie Marks, Mattel Marks and/or Barbie Works and/or products in packaging and/or containing labels bearing the Barbie Marks, Mattel Marks and/or Barbie Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Barbie Marks, Mattel Marks and/or Barbie Works and/or products that are identical or confusingly or substantially similar to the Barbie Products | N/A |
| **Defendant's Website** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that use the Barbie Marks and Mattel Marks, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at www.mattelblackfriday.com; www.dreambarbiedoll.com; www.dreambarbiedolls.com and www.jinxxmas.com along with any and all of the domain names associated therewith, including the Infringing Domain Names | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **Infringing Domain Names** | www.mattelblackfriday.com, www.dreambarbiedoll.com and www.dreambarbiedolls.com | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by Defendants or any of Defendant's Website (whether said accounts are located in the U.S. or abroad) | N/A |

| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
|---|---|---|
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Counterfeit Products and/or Defendants' Websites, including, without limitation, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, website hosts such as Cloudflare, domain name registrars, such as NameSilo, domain name registries, shipping, fulfillment and warehousing service providers, such as Return Warehouse located at 147-03 182 St, Jamaica New York 11413 | N/A |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies, which operate a cloud-based web infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network | N/A |
| **NameSilo** | NameSilo, LLC, with an address of 8825 N. 23rd Ave Suite 100 Phoenix, Arizona 85021, and any and all affiliated companies, which operate an ICANN accredited domain name registrar and web hosting company, available at www.namesilo.com, that allows consumers to register domain names and create websites | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defendants filed on September 28, 2022 | TBD |
| **Futterman Aff.** | Affidavit of Danielle S. Futterman in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defendants for Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition, copyright infringement and cybersquatting in violation of the Anticybersquatting Consumer Protection Act arising from Defendants' willful infringement of the Mattel Marks and Barbie Marks, including, without limitation, through Defendants' prominent use of Mattel Marks and Barbie Marks on Defendants' Websites and/or in connection with their advertisement, marketing, promotion, offering for sale and/or sale of their Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle S. Futterman in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I.  Defendants' Liability

1) Defendants' Answer is hereby stricken and judgment is granted in favor of Plaintiff on all claims properly pled against Defendants in the Complaint;

### II.  Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

reasonable and Plaintiff is awarded statutory damages in the amount of One Million Dollars ($1,000,000.00) against Defendants, jointly and severally, pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, post-judgment interest.

### III.   Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defendants, their respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Mattel Marks, Barbie Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Mattel Marks and Barbie Marks;

   B. directly or indirectly infringing in any manner Plaintiff's Mattel Marks and Barbie Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Mattel Marks and Barbie Marks to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Mattel Marks and Barbie Marks, or any other marks that are confusingly similar to the Mattel Marks and Barbie Marks on or in connection with Defendants' Websites and/or Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

    i. Defendants' Infringing Domain Names and/or Defendants' Websites;

    ii. Defendants' Assets; and

    iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

F. utilizing the Infringing Domain Names and registering, trafficking in or using any additional domain names that use or incorporate the Mattel Marks, Barbie Marks, or any colorable imitation thereof;

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other Infringing Domain Names, Defendants' Websites or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of Plaintiff's trademarks other rights

including, without limitation, the Mattel Marks, Barbie Marks, or bear any marks that are confusingly similar to the Mattel Marks and Barbie Marks pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

   A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets from or to Defendants' Financial Accounts; and

   B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A) above.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers are permanently enjoined and restrained from:

   A. providing services to Defendants, including, without limitation, those in connection with the continued operation of Defendants' Websites;

   B. permitting the transfer, sale and/or assignment of Defendants' Websites, including the Infringing Domain Names, except as set forth herein; and

   C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(G), III(3)(A) through III(3)(B), and III(4)(A) through III(4)(B) above.

**IV.   Order Transferring Infringing Domain Names**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in order to give practical effect to the permanent injunction granted herein, Defendants' Infringing Domain Names is hereby ordered to be immediately transferred by Defendants to Plaintiff. To the

extent the Defendants do not facilitate the transfer of the Infringing Domain Names to Plaintiff's control within five (5) days of receipt of this Order, the Third Party Service Providers shall, within thirty (30) days of receipt of this Order, change the registrar(s) of record for the Infringing Domain Names to a registrar of Plaintiff's choosing, thereby transferring the Infringing Domain Names to Plaintiff.

### V.   Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### VI.   Miscellaneous Relief

1) Any failure by Defendants to comply with the terms of this Order shall be deemed in contempt of Court, subjecting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 24th day of May, 2023, at 11:20 a.m.

_____
P. Kevin Castel
United States District Judge